May it please the Court, Lisa Lourish from the Federal Public Defender's Office arguing on behalf of the appellant David May. David May meets the requirements for a drug reduction as set forth in Justice Sotomayor's concurring opinion in the Freeman case because his stipulated sentence under Rule 11, C1C, was based on his drug guidelines. At the outset, I want to notify the Court that if Mr. May was in the Ninth Circuit today, he would be entitled to a sentence reduction for a different reason. As set forth in the 28J letter filed with the Court last summer, the Ninth Circuit has issued an en banc opinion in the Davis case, finding that the Sotomayor concurrence in Freeman was not the controlling rationale from that case. But we haven't, we don't agree. Certainly not, and certainly this That's off the table for you. Yes, this Court is absolutely bound by the decision in Brown, and I would not suggest the Court can or should disregard the Brown case. I just bring it up to suggest there could be grounds for an en banc review in this case if the Court doesn't agree that Mr. May qualifies. It should be put to pass, but right now, we're stuck with Absolutely, absolutely stuck with Brown. And Mr. May qualifies under Brown because in the Freeman concurrence, Justice Sotomayor sets forth two different ways that a defendant with a C1C plea agreement can still qualify for a drug reduction. The first circumstance is where the sentencing guideline range actually appears in the agreement. We don't have that circumstance here. The second circumstance is where the plea agreement contains a specific term of imprisonment and also makes clear that the basis for that term of imprisonment is a guideline sentencing range. And I believe that Mr. May's plea agreement falls within that category because he has a stipulated total offense level, which I think is important. It's not a base offense level and a drug weight alone, but a total offense level. How can it be a guideline sentence when it didn't contain any criminal history? Well, Your Honor, I think the reason it still clearly references a guideline range without a criminal history stipulation is because we have to understand the Sotomayor concurrence in light of what the Freeman plea agreement looked like. And in that case, I would argue, Your Honor, there was not a stipulated criminal history category. Certainly, the plea agreement referenced that the parties expected and anticipated a criminal history category, but that Freeman agreement also made very clear that the parties could continue to argue about what the criminal history category would be in that case and that the court would make its own findings as to the criminal history category. So for that reason, and also for the basis, parties actually cannot stipulate to a criminal history category. Under C1C, it's clear that the parties can agree which terms may apply with respect to offense level, but they cannot stipulate to criminal history. I assure you my clients would be happy if we could stipulate away some of their prior offenses, but that's not the way that it works. A probation officer has to calculate the criminal history category for what it is. Would you agree that our jurisdiction in this case is not under Section 1991, but rather under 3742A1, and that this guideline, this issue would be determined under our jurisdiction in 3742? I think that the court referring to the jurisdictional issue that could potentially arise in the Goodwin case? Yes. So I think that this court has the jurisdiction to hear this case based on the district court's appropriate denial of Mr. May's drug reduction motion. The court asked for supplemental briefing on the Goodwin issue and whether that presented a bar for Mr. May. I do not think that it does, because there is no published decision in this court that would suggest that the district court did not have jurisdiction to hear Mr. May's motion for his drug reduction. It was styled as a motion to reconsider, because on the unique facts of this case, the district court had actually denied Sua Sponte a drug reduction for Mr. May without ever notifying Mr. May that it was under consideration, without ever notifying Mr. May that the denial had been entered. Well, I was wrong about the Goodwin. That concerns the successive bar, not appellate jurisdiction. But would you agree that our jurisdiction is under 3742? I believe so, Your Honor. I believe that's correct in that it would be, on either regard, a de novo review of the district court's decision below. So, I think that there are two reasons why, without a stipulated criminal history category, Mr. May's plea agreement still qualifies under the Sotomayor concurrence. That first reason being that the plea agreement in Freeman did not have a stipulated criminal history category, and the second reason being that parties simply cannot stipulate to a criminal history category. I think that I'm also happy to address the additional argument about whether or not there was jurisdiction for the district court to have considered this motion in the first place, since that was the request of the court that we consider that in supplemental briefing. There, as I started to mention in response to your question, Judge Floyd, there's simply no, in the district court decision below, which arose from a curious posture because of the sui sponte denial by the district court, the government never raised any concern about whether or not the motion to reconsider could be properly heard by Judge Jones, the district court judge. Instead, the government said that because of the Freeman opinion, Mr. May did not qualify. The question, if I'm following you, and I'm not sure that I am, but if I am, we're trying to decide whether Goodwin is jurisdictional? Are you talking about that threshold issue of whether or not the prohibition against successive 3582C2 motions is waivable? Yes. I think it's only if it was... And the only reason I ask, because I'm trying to understand the nature of your argument, because if it is jurisdictional, it wouldn't matter whether the government raised it or not. I certainly agree that the court has its own burden to assess whether there's jurisdiction regardless of the government. The argument of whether it's jurisdictional isn't waivable. That's correct. The district court has to assess whether there's jurisdiction. I don't think that the Goodwin case was decided on jurisdictional terms, and then there's no published decision in the Fourth Court, the Fourth Circuit, that does use jurisdictional terms to describe whether or not a subsequent motion under the statute would be jurisdictional. And I think that the... But that jurisdiction doesn't, 3582 doesn't speak to jurisdiction. It does not, Your Honor. So... And I think that to the extent that it's a claim processing rule, which is what I've argued that the Goodwin case should stand for in my briefs, that that's obviously something that's waivable by the government, which is what would have happened here. To the extent this Court, of course, would find that Goodwin poses a jurisdictional problem, I think that there's still a good argument that the district court would not have had original jurisdiction to actually deny sua sponte that motion. And so, Mr. May's claim was still appropriately presented, even on that basis. So, if there's no further questions from the Court at this time about why I argue that Mr. May qualifies under the Freeman concurrence by Justice Sotomayor, I'll reserve the rest of my time for rebuttal.  Thank you. Ms. Barker. May it please the Court. I'm Jennifer Bockhorst for the United States. As Your Honors are aware, it is always the burden of the Court to begin by determining if there is jurisdiction for a proceeding to go forward. And notwithstanding the fact that the government had not previously raised this issue prior to the direction for supplemental briefing, we would submit it is clear from the Goodwin case that there is no jurisdiction for a district court to consider second or successive 3582 motions. They may not consider motions for reconsideration, and that's an argument that cannot be waived, and it's incumbent upon the Court to first evaluate that issue both for itself and for the district court. We would disagree that the fact that Goodwin doesn't speak in terms of the word jurisdiction, that it says no authority, makes much difference. And that is for several reasons. First, the reasoning in Goodwin is clear that they're talking about jurisdiction. That 3582 expressly limits, Congress expressly limited the Court's ability to reconsider a sentence once it's imposed. And there's very few limitations. The limitations are if Rule 35 authorizes it, if there's been a retroactive guidelines amendment or a motion by the Bureau of Prisons where an individual is over the age of 70 and has served more than 30 years. Those are the only times a court may reconsider. And what the Goodwin Court said is that it's clear, and in order to give effect to the statute, it needs to be clear that once that motion is decided upon, that's the end of the Court's jurisdiction to reconsider the sentence. It's the only way. Well, does 3582 speak in terms of a jurisdictional limitation? It doesn't, but there's no other logical way to interpret it because it makes it clear that there is no authority to reconsider a sentence, that once the sentence is imposed and the judgment is final. Except in those circumstances. Yes, except for those limited circumstances. The Supreme Court has been extremely, has been very clear about admonishing against overuse and overapplication of the term jurisdictional, hasn't it? Yes, and as they've said, we've been using the term jurisdiction for a number of years to include many, many things. It's profligate use. Yes, and we have confused the meaning by doing that. And so they start talking about claims processing rules where a rule is set up that sets out time limits or some other factor that the party must abide by in order for the court to go forward. In 3582, there's no discussion of what the parties might do and what deadlines the parties have to reach. It's purely a discussion of what is the authority of the court. And the most fundamental definition of jurisdiction is what is the authority of the court to hear the case in controversy. And because 3582 limits that to such an extreme degree, saying there is no authority except for these limited exceptions, it is clearly a jurisdictional statute. But the court has, you have remedial authority and you have jurisdiction. They're distinguishable concepts. Can a district court have the, a district court can't lack the former but still have the latter? Still have jurisdiction but no ability to get, have remedial authority. If I understand your question, I think that's correct. Right. Well, that's the answer I wanted. Okay. Yeah, once the judgment is entered and the judgment is final, the court is divested of jurisdiction to proceed on any sort of motion. And they say that all of the time when someone sends a letter, please reconsider my sentence, I'm not such a bad person. The answer is I don't have the authority to do that. It may have due process the first time? The government agrees that the fact that the record suggests he was not mailed the notice or mailed the order in February of 2015 deprives him of his ability to file a timely notice of appeal, which is his remedy. And there's a remedy, an easy remedy for that because filing a notice of appeal is not a jurisdictional bar. And this court can construe his later filings as a timely notice of appeal. And we submit that's what should happen in this case. As we can here. I'm sorry? As we can here. Yes. But there's nothing in the statute that requires the district court to go ask a defendant, what is your position on the 3582? The procedures that the court used, although we would agree with Judge Jones' later assessment that it may not be the most preferable practice, was certainly the most efficient where they just, the court worked its way through all of the cases and determined is someone eligible or not. Certainly Mr. May would have liked to have weighed in, but the question of whether he was entitled to 3582 reduction is a purely illegal question. And the extent of the reduction is essentially a legal question. There's no authority of the court to reconsider the 3553A factors or recalculate the guidelines. So it's just simply not necessary that there be protracted litigation or even necessarily having the defendant weigh in. It's strange to me that given the efficiency that was tried to work out to deal with the sheer numbers they were dealing with, but that alongside what the purpose of the reduction was for, it was a categorical reduction to address the disparate treatment, wasn't it? It wasn't sort of individualized. I still can't understand, why do you decide not to give it to a person? It wasn't an individualized thing because overall there was disparity, right? Wouldn't you agree? Yes. So why do people not get it anyway? Well, there's limited circumstances. I mean one circumstance that a person wouldn't get it that's not an issue in this case is that there were other factors in their sentence that were in their case and in their personal situations that the judge feels that this sentence is what was appropriate in light of all the 3553A factors. If the judge knows I determined that sentence not just because it was a guideline sentence, but considering all of the factors, the judge may determine that I'm not giving that person a reduction. In May's case, the agreement itself is the reason that he's not entitled. And that makes it an even easier case for him not weighing in. He entered into a plea agreement, which the government dismissed a large number of charges, including things with tremendous consecutive mandatory minimum sentences in exchange for a 20-year sentence. And it was very specific, 240 months. The guideline stipulations as to the offense level only were included as a means of aiding the court in determining whether or not to accept the plea agreement. The agreement is specific as we understand the guidelines have to be calculated. And for that purpose, here's our stipulations to the offense level. Is this a guideline sentence or not? It is not a guideline sentence. So the consequence of that is he's not entitled to the 3582? Correct. And that would be our position. The jurisdictional argument, I would suggest it would be helpful for the court to clarify, Goodwin, that it is a jurisdictional case because that is always the starting point of what the court needs to do. But the outcome is the same. For the very reasons that Judge Jones put in those just three sentences, I think at the bottom of his February order, May is not entitled to a 3582 reduction. And the law is clear on that. There's no criminal history contemplated. There's no sentencing range contemplated. I would disagree with the public defender as to the implications of Freeman. Freeman's agreement, there's one sentence in there that I think changes everything from the way she has offered the facts, is that his agreement specifically said he agrees to have his sentence determined pursuant to the sentencing guidelines. And then they lay out what those guidelines are. And here there's no language, anything like that. The language is just clear from the agreement that we're talking about in order, because the guidelines have to be calculated, here's what they are. But there the intent was explicit. Does that mean it can't be done implicitly, that there's an intent to base it on the guidelines? They did work out some figures here, didn't they? Yes, they did work out the offense level. But they didn't agree or put in the guidelines, correct? Under the guidelines. All right, so they availed themselves of the guidelines. And that's on the face of the plea, I mean the agreement. Freeman is specific that what needs to be explicit in the agreement is that they had agreed and tied the sentence to a sentencing range. And the offense level is only one of the two coordinates of how you get to the sentencing range. There's no discussion or no indication at all that the parties had any idea what his criminal history category would end up being or that they tied that sentence to where they thought that it was. There are many plea agreements that do, that either say, although it is correct you can't stipulate to a criminal history score, you can state what your expectation of that criminal history score is, or you can state what you expect the ultimate guideline range to be, or you can write an agreement that actually agrees to the guideline range itself. And all of that is absent in this case, which is why it is clear it's not tied to the sentencing guideline range as required by Freeman. And unless your honors have any questions, I believe that covers my argument. Would you agree that it doesn't have to be solely based on the guidelines that based on could be, that's part of the consideration? Does it have to be totally guideline based? I think that's what Freeman says, that it has to be evident that it was expressly based upon the guideline range. That if other factors are taken into consideration, if it's clear from the agreement that they did not expressly base it on that range, that the court should presume there are other factors that were going into the agreement that the parties may not have intended for it to be tied to the guideline range. Thank you. First, with respect to Mr. May's plea agreement and why I think that that plea agreement is different from, for example, the plea agreement this Court considered in the Brown case, and also the agreements that some of the other courts have considered on similar binding C1C plea agreement cases. In Brown, for example, it's a good counterpoint because the plea agreement in that case had a C1C range of 15 to 20 years, and the plea agreement was very explicit in that case that that range was arrived at because the government forewent pursuing a mandatory life sentence under 841. So there we have a situation where the range was given not in any relation to the guidelines, but because the government chose not to pursue a mandatory life sentence. The case cited by the government from the Eighth Circuit, again Brown, this time BROWNE, there was an agreed term of 210 months in that case, but no reference at all to the guideline range at all. There was no reference to offense level or criminal history in that case. In the Seventh Circuit case of Dixon, again, we had a 15 to 20 year plea range in the agreement and a stipulated offense level, but the guideline range in that case was actually 360 months to life, and the prosecutor explained in that case that the only reason they agreed to the lower plea was essentially because they built a benefit of cooperation. Those agreements are all very distinguishable from what we have in Mr. May's case, which is a total offense level with a stipulated drug weight that produced a guideline range that everyone agrees was 151 to 188 months, and the agreed upon sentence for his drug offense was squarely within that range, 180 months. For that reason, I think it's distinguishable from every one of the cases cited in the briefs with the exception of the Rivera-Martinez case from the First Circuit, which I agree finds that the lack of a criminal history category was completely dispositive, but I think that that was wrongly decided based on interpreting the Freeman case and the Justice Sotomayor concurrence to require a stipulated, and that was the exact language of the First Circuit, criminal history category when that wasn't the case in the Freeman case itself. With respect to the jurisdiction argument and the government's request that the Court clarify Goodwin in this decision, in this case, to clarify that it is an issue of jurisdiction, I would suggest that the Court employ the approach of the Seventh Circuit, the Third Circuit, and the Ninth Circuit, who have all recently looked at this very issue and have found that the prior decisions, which sometimes overuse the word jurisdiction, were inappropriately decided and that this is not an issue of jurisdiction but claim processing. And I think that there's good reasons for that, and I think that the Seventh Circuit points to the Freeman case itself as a reason to come to that conclusion because in the Freeman decision, despite the opinion being fractured in basically every other way, all of the justices agreed that it was a question of whether or not Freeman was eligible for a drug reduction, not a question of whether or not there was jurisdiction for the Court to consider his claim. So I think that that's language that's helpful in addition to the fact that there's no express reference to jurisdiction in the statute itself and that that would be a good basis from which the Court should distinguish that this is a claim processing rule and not one of jurisdiction, and therefore it's one that the government waived. If there's no further questions from the Court, I thank you for your time. All right. Thank you, Counsel.
judges: Roger L. Gregory, Allyson K. Duncan, Henry F. Floyd